Filed 5/23/14  P. v. Cervantes CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERTO CERVANTES,<br><br>    Defendant and Appellant. | H040070<br>(Monterey County<br>Super. Ct. No. SS121683C) |

Defendant Alberto Cervantes pleaded no contest to conspiracy to commit robbery. (Pen. Code, §§ 182, 211.)[1]  He also admitted a prior "strike" conviction and he admitted the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang.  (§§ 1170.12, subd. (c)(1), 186.22, subd. (b)(1).)  The trial court imposed an aggregate term of nine years in state prison.

We appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief stating the case and the facts, but raising no issues on appeal.  We notified defendant of his right to submit written argument in his own behalf, and defendant timely responded by letter brief.

We have reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), including the claims raised in defendant's letter brief.  (See also *People v. Kelly*

---

[1] Subsequent undesignated statutory references are to the Penal Code.

(2006) 40 Cal.4th 106.)  We conclude there is no arguable issue on appeal, and we will therefore affirm the judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offense*[2]

On August 31, 2012, two men with guns robbed the El Migueliño Restaurant in Seaside.  The robbers fled with $2,167 in cash.  The owner, armed with his personal handgun, pursued the robbers and discharged his weapon at them.  He told police he had shot one of the suspects.

Later that day, a white Chrysler 300 dropped off a gunshot victim at Salinas Valley Memorial Hospital.  The gunshot victim, Evan Hernandez, had been shot in the foot.  A witness from the restaurant later identified him as one of the robbers.

Later that same day, police stopped a white Chrysler 300 driven by defendant.  Police searched the car and found a bloody shoe with a bullet hole matching the location of the wound in Hernandez's foot.  They also found bloody clothing on the front passenger floorboard.

Police arrested defendant and questioned him.  Defendant initially denied knowing about the bloody shoe, and he stated the bloody clothes were his.  He denied having taken Hernandez to the hospital.  Defendant then changed his statement and admitted he had picked up Hernandez.  But defendant insisted he had nothing to do with the robbery, and said that Hernandez claimed he had been shot while at a party.

B. *Procedural Background*

On January 10, 2013, the prosecution charged defendant and three codefendants by information with:  Counts One and Two—second degree robbery (§ 211); Count Three—assault with a semiautomatic firearm (§ 245, subd. (b)); and Count Four—street terrorism (§ 186.22, subd. (a)).  The information further alleged that defendant committed

---

[2] Our summary of the facts is based on the probation report.

2

each of the offenses for the benefit of, at the direction of, or in association with the Norteño street gang, with the specific intent to promote and assist criminal conduct by gang members (§ 186.22, subds. (b)(1) & (b)(l)(C)). Lastly, the information alleged defendant had suffered a prior strike conviction (§ 1170.12, subd. (c)(1)).

On April 24, 2013, defendant moved for substitution of his appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). Following a hearing in closed court, the trial court denied the motion.

On May 17, 2013, the prosecution amended the information to add Count Five—conspiracy to commit robbery and a gang enhancement (§§ 182, 211, 186.22, subd. (b)(1)). The parties agreed that if defendant pleaded no contest to Count Five, he would be sentenced to the lower term of two years—doubled to four years based on the strike allegation—consecutive to five years for the gang enhancement, for an aggregate term of nine years. Defendant signed a written waiver form acknowledging the terms of his plea arrangement. The waiver form further provided that defendant would waive his right to appeal or to file any writ, and that he would not request to withdraw his plea.

At the change of plea hearing, defendant acknowledged discussing the charges, possible defenses, his constitutional rights, and consequences of the plea with counsel. He further acknowledged that he understood his rights, the potential punishment, and the consequences. The trial court described defendant's constitutional trial rights, and defendant waived them. The court further explained the nine-year state prison sentence and its consequences, and informed defendant that he was giving up his right to appeal or file a writ.

Defendant then pleaded no contest to Count Five—conspiracy to commit robbery—and he admitted the strike and gang enhancement. The trial court found that defendant understood the possible penalties and consequences of his plea, and that he knowingly, intelligently, and voluntarily waived each of his rights. The parties stipulated to a factual basis for the plea as set forth in the police reports.

3

On July 26, 2013, defendant again moved for substitution of counsel under *Marsden*, and further moved to set aside his no contest plea. Defendant's counsel stated that she was unaware of any legal basis for the motion to set aside the plea. After a hearing on the matter in closed court, the trial court denied defendant's motions.

On August 14, 2013, the trial court sentenced defendant to an aggregate term of nine years in accordance with the plea agreement set forth above. The court further ordered defendant to pay $10,165.70 in restitution, under joint and several liability with the three codefendants.[3]

On August 16, 2013, the trial court granted defendant's request for a certificate of probable cause based on claims that the court erroneously denied his post-plea *Marsden* motion, and that his trial counsel provided ineffective assistance. Defendant filed a timely notice of appeal.

## II. DISCUSSION

In his letter brief, defendant disputes the facts of the offense as set forth in the police reports and the probation report, and he asserts that he is innocent of the offense. He also contends that he had desired to file a motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, but that his trial counsel informed him such a motion would lack merit. Finally, he complains, in substance, that his trial counsel provided ineffective assistance of counsel.

We have reviewed the entire record pursuant to *Wende*, including the matters raised in defendant's letter brief. We find no abuse of discretion in the trial court's denial of the initial, pre-plea *Marsden* motion. (See *People v. Lara* (2001) 86 Cal.App.4th 139, 151 [abuse of discretion standard of review applies to trial court's denial of *Marsden* motion].) At the subsequent change of plea hearing, defendant waived his right to appeal and waived any right to withdraw his plea. The trial court found that defendant

---

[3] The trial court later reduced the amount of restitution to $4,529.45.

4

understood the consequences of his plea, and that he knowingly, intelligently, and voluntarily waived his rights.

Based upon our review of the record, we conclude there is no arguable issue on appeal.

### III.    DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:

_____
Rushing, P. J.

_____
Premo, J.

5